NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1297
_____

UNITED STATES OF AMERICA

v.

ANDREW TABLACK,
                                        Appellant

_____

On appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3:19-cr-00374-001)
District Judge: Honorable Michael A. Shipp

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 24, 2023

Before: GREENAWAY, JR., BIBAS, and FUENTES, *Circuit Judges*

(Filed: January 24, 2023)

_____

**OPINION**[*]

_____

**BIBAS**, *Circuit Judge*.

Andrew Tablack was a drug kingpin of the dark web, selling hundreds of thousands of

pills and making millions of dollars, much of it through bitcoin. A jury convicted him of

manufacturing and distributing cyclopropyl fentanyl in 2017, as well as conspiring to do

_____

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

the same. The judge gave him two consecutive fifteen-year sentences. All of his challenges on appeal fail, so we will affirm his convictions and sentences.

Tablack's main issue on appeal is that cyclopropyl fentanyl was not added to the federal drug schedules until 2018, after the events charged. So, he argues, the court should have dismissed the indictment or at least removed the word "analogue" from the phrase "controlled substance analogue" in the jury instructions. We review both legal issues de novo. *United States v. Nolan-Cooper*, 155 F.3d 221, 228–29 (3d Cir. 1998); *United States v. Lee*, 359 F.3d 194, 203 (3d Cir. 2004).

On both claims, Tablack is mistaken. It is enough that he dealt a drug analogue that mimics a scheduled drug. He was charged with violating the Controlled Substance Analogue Enforcement Act, 21 U.S.C. § 813, plus the Controlled Substances Act, § 841(a). When instructing the jury, the District Court followed those statutes. *See* § 802(32)(A); App. 76 (telling the jury that it must find that cyclopropyl fentanyl had a "substantially similar" chemical structure and effect to fentanyl, a Schedule II drug). And the jury convicted him of violating the Analogue Act. So the indictment and jury instruction were proper. S*ee McFadden v. United States*, 576 U.S. 186, 191–95 (2015).

Tablack makes two more challenges to the jury instructions. Because he raised neither at trial, we review for plain error. *Greer v. United States*, 141 S. Ct. 2090, 2096 (2021). First, he says the instructions did not require the jury to find unanimously whether he knew he was dealing with a substance that (1) was an analogue under the statute or (2) had the same chemical composition and bodily effects as a controlled substance. *See McFadden*, 576 U.S. at 194. True, different jurors could find different forms of knowledge. But Tablack

cites no Analogue Act case requiring unanimity on what exactly a defendant knew. So we doubt there was error. And there was certainly no plain error: Tablack fails entirely to meet his burden to show prejudice. *See Greer*, 141 S. Ct. at 2097.

Second, Tablack complains that the instructions quoted the statutory language defining what an analogue *is* but did not quote several carve-outs for what an analogue *is not*. But none of the carve-outs could apply. No one suggests that when Tablack sold cyclopropyl fentanyl it was a controlled substance, covered by a new drug application, being used for pharmaceutical investigative research, or not meant for human consumption. §802(32)(C)(i)–(iv). Those irrelevant hypotheticals would have only confused the jury. And again, Tablack does not show how their exclusion prejudiced him.

Finally, Tablack challenges his thirty-year sentence as substantively unreasonable. We must affirm "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). He cannot meet that heavy burden.

Tablack attacks his sentence in two ways. One is that the District Court should have run his sentences concurrently, not consecutively. As he notes, we have affirmed a district court's decision to run two drug sentences concurrently. *United States v. Velasquez*, 304 F.3d 237, 243–46 (3d Cir. 2002). But all that shows is that a court has discretion to sentence concurrently. *Id.* at 245–46. Nothing in *Velasquez* "diminish[es] the power of the sentencing judge" to sentence consecutively. *Id.* at 244 (construing 18 U.S.C. §3584). And under the Guidelines, the sentences on the two counts "shall" run consecutively as needed to add

up to the total punishment imposed. U.S.S.G. §5G1.2(d). The court properly considered that Guideline and other circuits' decisions applying it.

Second, Tablack lists several other drug defendants who got shorter sentences, suggesting that he should have gotten the same. But the District Court reasonably disagreed. Tablack's adjusted offense level was 46 and his criminal history was IV, calling for a life sentence. The court canvassed and weighed the various §3553(a) factors. It compared Tablack with his co-conspirator as well as another drug defendant, and it varied downward to sentence him to 30 years, the bottom of the reduced range. The other comparators (whom Tablack raises only now) do not make that sentence unreasonable, in part because the amounts of drugs they sold were far less. His sentence was well within reason.

In sum, Tablack was properly charged with and convicted of dealing a controlled-substance analogue. He cites no authority requiring the jury to find unanimously one of the two ways to show knowledge under the Analogue Act. There was no reason to instruct the jury on exceptions that did not apply. And his thirty-year sentence, at the bottom of the range after a downward variance, was substantively reasonable. So we will affirm.